NYE-SCHNEIDER-FOWLER COMPANY, APPELLANT, V. NEBRASKA LUMBERMEN'S MUTUAL INSURANCE ASSOCIATION, APPELLEE.

FILED JULY 15, 1921. No. 21729.

Insurance: POLICY: CONSTRUCTION. In an action on an insurance policy to which an average clause is attached covering a stock of lumber, coal and such other merchandise as is usually carried and kept for sale in a retail lumber yard, also the buildings used in the business, and where a part of the insured property is situated on one block, and the remainder on another block, the blocks being disconnected and separated by a street, and there being no designation in the policy where any particular property insured is situated, *held*, that the property insured was situated in one general location, and that the property situated on one block will be regarded as one of the premises or places mentioned in the average clause, and the other property disconnected therefrom on the other block will be regarded as a separate "premises" or place within the terms of the policy. *Mangold v. American Ins. Co.*, 99 Neb. 656.

APPEAL from the district court for Dodge county: FREDERICK W. BUTTON, JUDGE. *Affirmed.*

*Courtright, Sidner & Lee,* for appellant.

*C. C. Flansburg, contra.*

Heard before MORRISSEY, C.J., DAY and ROSE, JJ., DICKSON and TROUP, District Judges.

DICKSON, District Judge.

The facts in this case are not in dispute    From the

record it appears that appellee, defendant below, issued to the appellant, plaintiff below, its policy of insurance for $3,000, on its stock of lumber, lath, coal and other merchandise usually kept in retail lumber yards. The policy contained, among others, these conditions or stipulations: "The words 'premises, occupied' are to be understood to mean the land owned, leased or otherwise occupied by the assured in not more than one general location in handling their business. * * * It is understood and agreed that, where the property covered by this policy is located in more than one place, the amount insured by this policy shall attach in each of the premises occupied in proportion to the whole amount insured that the value of the property covered by this policy contained in each of the places occupied shall bear to the value of the property contained in all of the premises occupied." It further appears that the insured property was situated on the south half of block eight and the south half of the block immediately west. On block eight plaintiff had its office and kept its stock of lumber and building material of all kinds, and on the block west thereof its coal shed and elevator; there being a street between these two half blocks of the usual width. A loss occurred which destroyed all the property on the south half of block eight, but none on the west half across the street. The insurance company claimed that it should only pay such percentage of the face of its policy as the amount of the loss bore to the value of the property burned and unburned, and this amount it paid; plaintiff's contention being that it was entitled to recover the full amount of the policy, leaving in dispute $643.46, for which sum suit was brought in the district court for Dodge county, there tried without a jury, and plaintiff's action dismissed.

The question to be determined is the amount of defendant's liability under its policy. It conceded it was liable for $2,353.57, which it paid. If we place the construction on the policy contended for by plaintiff, then it has not discharged its full liability. On the other hand, if we con-

strue the policy as did the trial court, the judgment was right and affirmance must follow.

The appellee contends that the defendant's liability has been determined by this court in *Mangold v. American Ins. Co.*, 99 Neb. 656. The defendant in this case was a party defendant in that case, and contended there, as it does here, as to the construction that should be placed upon the policy, and its contentions in that case were sustained. The appellant insists that the *Mangold* case is not analogous or decisive of the case under consideration, and that the question in the *Mangold* case was not whether there were one or two locations, but whether there were two or five locations. The record does not warrant this contention. It is true that in that case the adjusters for a part of the insurance companies arbitrarily undertook to, and did, divide the property into five different premises, and on that basis they reached the conclusion set forth in the opinion in that case. But it was the contention of the appellees, as is contended in this case by the appellee, that there were two premises, places or risks, not five, covered by the policy, and the trial court took the view contended for by the defendant insurance companies, and the judgment was affirmed by this court. In the *Mangold* case the average clause does not differ from the policy in suit. They are substantially the same. To construe one is to construe the other. The question involved in the case under discussion was fully discussed and decided by this court in the *Mangold* case. Chief Justice Morrissey, in the opinion, says: "Appellees contend that the main yard (lots 6, 7, 8 and 9), which constituted a single inclosure, was one 'premises' or risk. * * * The (trial) court took the view contended for by appellees, and after a careful examination of the record we are constrained to believe that this yard or inclosure is not susceptible of the arbitrary division which the adjusters attempted to make." The appellee in this case makes the same contention; that is, that the property insured and destroyed on block eight was one "premises"

or risk, and that the insured property across the street and not destroyed constituted another "premises" or risk. The trial court in the *Mangold* case adopted the theory of the appellees that lots six, seven, eight and nine constituted one "premises" or risk, and that the property disconnected therefrom and lying across the street constituted another "premises" or risk, and that the property covered by the policy in that case was located in more than one "premises" or place.

The proper construction to be placed upon the policy in suit is that the appellee should pay only such percentage of the face of the policy as the amount of the loss bore to the value of the property insured. Any other construction would not give effect to the average clause as clearly expressed in the policy. This case presents for consideration the same question considered and decided in the *Mangold* case, and the holding in that case controls this case.

The judgment of the district court is right and is

AFFIRMED.